


**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MICHAEL PESIN-VIROVETS**
*Senior Counsel*
phone: (212) 356-2617
mpvirove@law.nyc.gov

August 9, 2022

**BY ECF**
Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Acosta, et al. v. City of New York, et al.,
22-CV-00576 (FB) (RER)

Your Honor:

I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Holguin, Ramos, Schmidt, and O'Connor (collectively "defendants") in the above-referenced matter. Defendants write in response to plaintiffs' August 5, 2022 letter seeking to coordinate *Monell* discovery with *In re NY City Policing During Summer 2020 Demonstrations*, 20-CV-8924 ("Consolidated Cases") and attorney's fees for making the application to the Court. (ECF 16).

For the reasons outlined below, plaintiffs' proposed motion is without merit, and defendants respectfully request that the Court: (1) bifurcate *Monell* discovery pending the resolution of the factual issues; (2) deny plaintiffs' request to coordinate discovery with the Consolidated Cases to the extent the Court does not bifurcate *Monell* discovery; and, (3) deny plaintiffs' motion for costs.

**1. The Court Should Bifurcate *Monell* Discovery in this Case.**

As an initial matter, defendants respectfully submit that the Court need not address plaintiffs' motion at all because plaintiffs' boilerplate, conclusory *Monell* claim is without merit and any purported *Monell* discovery in this action should be bifurcated.

By way of background, plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that on October 27, 2020 members of the New York City Police Department ("NYPD") subjected them to false arrest and excessive force while plaintiffs were attending a police protest.

Plaintiffs' proposed Order presumes that *Monell* discovery should go forward in this matter. But bifurcation of *Monell* discovery is appropriate because it would allow for the resolution of the factual issues of this case that could negate any need for *Monell* discovery and thus greatly benefit the interests of judicial economy.

Bifurcating *Monell* discovery avoids putting the cart before the horse. A valid *Monell* claim requires an underlying constitutional violation, and without one, "there can be no municipal liability under *Monell*." Sims v. City of New York, 2018 U.S. Dist. LEXIS 212966 at *11 (S.D.N.Y. Dec. 17, 2018) (citing Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006)). Therefore, the optimal path forward favors bifurcation, as it could render any requirement for *Monell* discovery moot. As the Second Circuit noted in *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999):

> Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a policy and custom on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of [municipal liability] is only actionable where some constitutional violation actually occurred.

*Id.,* 170 F.3d at 320 (alteration added) (citation and internal quotation marks omitted).

Accordingly, the most efficient approach is to stay *Monell* discovery until the resolution of the underlying question of whether a constitutional violation occurred, which is the preferred approach in the Second Circuit. *See Brown v. City of New York*, 13-CV-6912 (TPG) 2016 U.S. Dist. LEXIS 18670 at *4 (S.D.N.Y. Feb. 16, 2016) ("Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants."); *Mineo v. City of New York*, 09-CV-2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953 at *4 (E.D.N.Y. Mar. 29, 2013) ("Courts in this Circuit favor bifurcating *Monell* claims.") (citations omitted).

Additionally, plaintiffs would not suffer any prejudice if *Monell* discovery is stayed, and bifurcated. Indeed, as plaintiffs assert the *Monell* issues in the Consolidated Cases "are identical to those pleaded in this case" and *Monell* discovery is set to close on August 12, 2022, in the Consolidated Cases. (ECF No. 20 at 2). Thus, because plaintiffs' attorneys are attorneys in the Consolidated Cases, plaintiffs would have the benefit of discovery and the resolution of the *Monell* issues in those cases without having to needlessly burden the defendants in this case.

**2. There is No Need to Coordinate *Monell* Discovery in this Case with the Consolidates Cases or Any Other Case.**

To the extent the Court does not bifurcate *Monell* discovery, the Court should deny plaintiffs' request to coordinate discovery with the Consolidated Cases. This case is not part of the Consolidated Cases and plaintiffs have not made an application to consolidate this case with the Consolidated Cases. Indeed, plaintiffs have an obligation under Local Civil Rule 1.6 to "bring promptly to the attention of the Court all facts which [they believe] are relevant to a determination that said case . . . should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned." This case has been pending on the federal docket since February 1, 2022. Plaintiffs assert that the case is related to numerous other cases and should be in effect consolidated (albeit without assignment to the Judge whose orders plaintiff would have control discovery here). Plaintiffs' letter is not in the service of efficient litigation but rather its purpose is to expand the burden and expense of this litigation and inflate plaintiffs' potential fee award should plaintiffs prevail.

Plaintiffs were right when they did not file this case as related to the Consolidated Cases. This case involves separate and unique allegations of excessive force involving specific incidents and is most efficiently litigated and resolved on the basis of those incidents alone. The requirements of Fed. R. Civ. P. 1 & 26(b)(1) call for this case to be resolved on its own terms, without resort to quasi class-action discovery that is wildly disproportionate to the needs of this action. The scope of discovery under Fed. R. Civ. P. 26(a)(1) is for material relevant to the claims and defenses in this action, subject to the proportionality requirements of Fed. R. Civ. P. 26(b)(1). Plaintiffs ask the Court to abandon this standard by handing over control of the scope of discovery in this case to a different proceeding entirely. Upon information and belief, there have been over 500,000 pages of documents produced in the Consolidated Cases. There is no reason to believe that the vast majority of these documents are relevant to this case, and, indeed, plaintiffs proffer no such reason other than the assumption that one protest is like another, notwithstanding that this case involves separate and unique allegations of excessive force. Even if there are some overlapping issues between protests, the relevant material should be determined based on the merits of the plaintiffs' individual claims. *Monell* discovery – even if not bifurcated (see below) – should be tailored to policies that could be "the moving force" behind the particular constitutional violations in this case. *See Phillips v. Cnty. of Orange*, 10-CV-239 (SHS) (LMS), 2015 U.S. Dist. LEXIS 137662 at *31 (S.D.N.Y. Aug. 20, 2015) ("[A] plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.") (citation and internal quotation marks omitted). That scope can only be determined based on the events that occurred in this case, and the question cannot be delegated wholesale to a Judge not assigned to this matter, and therefore has no knowledge of the particular facts of this case. To the extent that discovery produced in the Consolidated Cases is deemed by the parties or the Court to be specifically relevant and proportionate, and therefore properly discoverable, in this case, then it would be produced. But there is no reason to assume a priori that anything produced in the Consolidated Cases is discoverable here, just because it is produced in another case.

Plaintiffs' argument that it would not require the parties to reproduce discovery is incorrect and fails to alleviate the burden on defendants of having to review an immense volume of documents that would be deemed produced, and therefore could possibly be used by plaintiffs,

in this case. Whether or not attorneys working on other matters have seen the documents does not obviate the burden on the counsel assigned to this matter to be familiar with every document that is produced in this matter. That plaintiffs' counsels are eager to undertake the burden of review of half a million pages of documents for the alleged use of excessive force with two unrelated plaintiffs speaks more towards enhancing a claim for fees than a concern for efficient discovery in this matter. Alternatively, plaintiffs' counsel may be seeking discovery to assist other matters. Either purpose is an invalid motivation for discovery.

Further, deeming every single deposition that was held or will be held in the Consolidated Cases to be part of – and potentially used in -- the instant case likewise imposes an immense burden on the parties here, to no benefit. Upon information and belief, there have to date been approximately over 60 depositions in the Consolidated Cases, and it is anticipated that there are approximately 100 depositions left. Plaintiffs present no reason to assume that the depositions taken in the Consolidated Cases are relevant to this action, and no reason to believe that the burden of attending or reading all of them is proportional to the needs of this case.

In addition, being required to abide by the discovery schedule in the Consolidated Cases imposes the additional burden of subjecting the defendants here to the timelines of the Consolidated Cases. Plaintiffs present no reason why that is appropriate, let alone necessary, for the just, efficient, and fair adjudication of this matter.

Plaintiffs' allegations refer to two separate and unique incidents. The only tenuous connection between this case and the Consolidated Cases is that the alleged incidents occurred during a protest. That fact that these allegations occurred during a protest does not make this one specific case in anyway similar to the Consolidated Cases, nor does it make the discovery there relevant here. The specific allegations of excessive force in plaintiffs' case here are very different than the allegations in the Consolidated Cases.

Plaintiffs' reliance on orders to coordinate discovery in other unrelated cases is misplaced as those orders do not address the concerns raised by defendants here about proportionality and the unreasonable burden of review. Further, the orders in those cases do not state why the bifurcation of *Monell* discovery would be inappropriate or would not achieve the interests of judicial economy, especially in a case involving allegations about a very discrete event as plaintiff alleges. Moreover, this Court is not bound to accept the authority of orders emerging from a separate District. In fact, this Court should give more consideration to a recent decision rendered by Judge Bulsara in *Cunningham v. City of New York,* 22-CV-588 (LDH) (SJB). As indicated by footnote in plaintiffs' letter, on August 5, 2022 Judge Bulsara denied plaintiff's request for coordination, indicating he did not believe he had the power to order coordination over the City's objection. Defendants urge this Court to adopt a similar position.

Accordingly, plaintiffs' proposed order is contrary to the requirements of Fed. R. Civ. P. 1 & 26 and should be rejected.

**3. Plaintiffs' Motion for Costs Should be Denied.**

Plaintiffs' proposed motion for costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) is without merit. Pursuant to Fed. R. Civ. P. 37(a)(1) "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiffs make no motion to compel discovery. This case is not related to the Consolidated Cases, and the defendants are not refusing to abide by a discovery request or Order. Rather, the issue is whether the Court should deem all discovery conducted in the Consolidated Cases to be conducted in this case, and subject the parties here to the schedule in those cases. Accordingly, Rule 37 has no application to plaintiffs' motion. But even Rule 37 did apply, as demonstrated above, defendants' opposition to the proposed Order has a substantial basis.

An award of costs under Rule 37 is proper if "(1) a district court grants a Rule 37(a) motion to compel discovery or disclosure, or (2) disclosure or the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the . . . [opposing] attorney . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Mantell v. Chassman*, 512 Fed. App'x. 21, 24 (2d Cir. 2013) (citing Fed. R. Civ. P. 37(a)(5)(A)) (internal quotation marks omitted). However, a court "must not order payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." Id.

For the reasons stated herein, plaintiffs' motion for costs is without basis, and should be denied. *See e.g. Comprehensive Habilitation Servs. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (denying motion for costs where the opposing parties objections to relevancy were valid); *Gade v. State Farm Mut. Auto. Ins. Co.*, 14-CV-00048, 2016 U.S. Dist. LEXIS 73049 at **11-12 (D. Vt. June 6, 2016) (denying motion for costs where the discovery dispute did not "reveal any willful non-compliance with discovery obligations, but rather a genuine dispute wherein each side believed that it was substantially justified in its position.") (citation and internal quotation marks omitted).

For the reasons set forth herein, defendants respectfully request the Court: (1) bifurcate *Monell* discovery pending the resolution of the factual issues; (2) deny plaintiffs' request to coordinate discovery with the Consolidated Cases to the extent the Court does not bifurcate *Monell* discovery; and (3) deny plaintiffs' motion for costs.

Thank you for your consideration herein.

Respectfully submitted,

By: /s/

Michael Pesin-Virovets
*Senior Counsel*

cc: **By ECF**
Elena Louisa Cohen
*Attorney for Plaintiffs*

Remy Green
*Attorney for Plaintiffs*

Jessica S. Massimi
*Attorney for Plaintiffs*

Gideon Orion Oliver
*Attorney for Plaintiffs*