UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JOHN X. ACOSTA and INDIA WANEBO,

                                        Plaintiffs,

                    -against-


THE CITY OF NEW YORK; NYPD LIEUTENANT
SCHMIDT; NYPD OFFICER STEVEN HOLGUIN; NYPD
CAPTAIN RONALD RAMOS; NYPD OFFICER JASON
LOPEZ; NYPD OFFICER ORVIN FELICIANO; NYPD
OFFICER IVAN LUGO; NYPD OFFICER FRANK
GREEN; NYPD OFFICER KRISTOPHER ERICKSON;
NYPD SERGEANT JOSEPH SPALDING; NYPD
LIEUTENANT DAVID VASQUEZ; NYPD OFFICER
PRINCE O'CONNOR; NYPD CAPTAIN HECTOR
BARIAS; AND NYPD OFFICER SYLWIA NOACKI.

                                        Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS LOPEZ, FELICIANO, LUGO, GREEN, SPALDING, VASQUEZ, BARIAS, AND NOWACKI.**

22-CV-0576 (FB) (RER)

**Jury Trial Demanded**

Defendants Police Officer Jason Lopez, Police Officer Orvin Feliciano, Police Officer Ivan Lugo, Police Officer Frank Green, Sergeant Joseph Spalding, Lieutenant David Vasquez, Captain Hector Barias, and Police Officer Sylwia Nowacki, by their attorney, the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

1.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the First Amended Complaint.

2.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the First Amended Complaint.

3.        Deny the allegations set forth in paragraph "3" of the First Amended Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, that the City maintains a police department, and respectfully refers to the New York

1

City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

4.  State that there are no allegations set forth in paragraph "4" of the First Amended Complaint.

5.  State that there are no allegations set forth in paragraph "5" of the First Amended Complaint.

6.  State that there are no allegations set forth in paragraph "6" of the First Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

7.  Deny the allegations set forth in paragraph "7" of the First Amended Complaint.

8.  Deny the allegations set forth in paragraph "8" of the First Amended Complaint except admit that Defendants are or were employed by the NYPD.

9.  State that the allegations set forth in paragraph "9" of the First Amended Complaint are legal conclusions to which no response is required.

10.  State that the allegations set forth in paragraph "10" of the First Amended Complaint are legal conclusions to which no response is required.

11.  State that the allegations set forth in paragraph "11" of the First Amended Complaint are legal conclusions to which no response is required.

12.  Deny the allegations set forth in paragraph "12" of the First Amended Complaint.

13.  Deny the allegations set forth in paragraph "13" of the First Amended Complaint.

14.  Deny the allegations set forth in paragraph "14" of the First Amended Complaint.

15.  Deny the allegations set forth in paragraph "15" of the First Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

16.     Deny the allegations set forth in paragraph "16" of the First Amended Complaint, except admit that plaintiffs purport to invoke jurisdiction as stated therein.

17.     Deny the allegations set forth in paragraph "17" of the First Amended Complaint, except admit that plaintiffs purport to base venue as stated therein.

18.     Admit the allegations set forth in paragraph "18" of the First Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the First Amended Complaint, except admit that, upon information and belief, a document purporting to be a notice of claim was received by the New York City Comptroller's Office on plaintiff Acosta's behalf on December 29, 2021.

20.     Deny the allegations set forth in paragraph "20" of the First Amended Complaint, except admit that, upon information and belief, a document purporting to be an acknowledgement letter of plaintiff Acosta's notice of claim was sent to plaintiff's attorney, Elena Cohen, on December 30, 2021 from the Comptroller's office, and that a 50-h hearing was scheduled for February 1, 2022.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the First Amended Complaint.

22.     Deny the allegation set forth in paragraph "22" of the First Amended Complaint, except admit that this action was filed on February 1, 2022.

23.     Deny the allegation set forth in paragraph "23" of the First Amended Complaint, except admit that the COVID-19 pandemic was ongoing in the Summer of 2020 and respectfully refer the Court to the cited executive orders for a full and accurate recitation of their contents.

24.     Deny the allegations set forth in paragraph "24" of the First Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the First Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the First Amended Complaint, except admit that, upon information and belief, the incident which forms the basis for plaintiff's action occurred on or about October 27, 2020.

27.     Deny the allegations set forth in paragraph "27" of the First Amended Complaint, except admit that this action was filed on February 1, 2022.

28.     Deny the allegations set forth in paragraph "28" of the First Amended Complaint.

29.     Deny the allegations set forth in paragraph "29" of the First Amended Complaint, except admit that, upon information and belief, Lieutenant Schmidt and Officer Holguin used their bicycles to create a barrier in the vicinity of 288 Atlantic Avenue, in Brooklyn.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the First Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the First Amended Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the First Amended Complaint.

33.     Deny the allegations set forth in paragraph "33" of the First Amended Complaint.

34.     Deny the allegations set forth in paragraph "34" of the First Amended Complaint, except admit that, upon information and belief, Captain Ramos stated to Mr. Acosta, in sum and substance, that he was under arrest.

35.     Deny the allegations set forth in paragraph "35" of the First Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the First Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the First Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the First Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the First Amended Complaint.

40.     Deny the allegations set forth in paragraph "40" of the First Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of the First Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the First Amended Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the First Amended Complaint.

44.     Deny the allegations set forth in paragraph "44" of the First Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the First Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the First Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the First Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the First Amended Complaint, except admit that Officer Prince O'Connor placed flex cuffs on plaintiff Wanebo.

50.     Deny the allegations set forth in paragraph "50" of the First Amended Complaint, except admit that on October 27, 2020, Prince O'Connor arrested plaintiff Wanebo.

51.     Deny the allegations set forth in paragraph "51" of the First Amended Complaint.

52.     Deny the allegations set forth in paragraph "52" of the First Amended Complaint, except admit that plaintiff Wanebo was transported in an NYPD van to One Police Plaza.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the First Amended Complaint.

54.     Deny the allegations set forth in paragraph "54" of the First Amended Complaint.

55.     Deny the allegations set forth in paragraph "55" of the First Amended Complaint, except admit that Officer O'Connor issued plaintiff Wanebo a Desk Appearance Ticket ("DAT"), assigned arrest number K20633686H.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the First Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the First Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the First Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of the First Amended Complaint, including footnote 1, and respectfully refer the Court to the cited article for its content and context.

60.      Deny the allegations set forth in paragraph "60" of the First Amended Complaint, including footnote 2, and respectfully refer the Court to the cited article for its content and context.

61.      Deny the allegations set forth in paragraph "61" of the First Amended Complaint, including footnote 3, and respectfully refer the Court to the cited article for its content and context.

62.     Deny the allegations set forth in paragraph "62" of the First Amended Complaint, including footnote 4, and respectfully refer the Court to the cited article for its content and context.

63.     Deny the allegations set forth in paragraph "63" of the First Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the First Amended Complaint.

65.     State that paragraph "65" of the First Amended Complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  Defendants further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability."  *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).  To the

extent a response is required, deny the allegations set forth in paragraph "65" of the First Amended Complaint and its 18 subparts, and respectfully refer the Court to the docket sheets of the cases referenced therein for a complete and accurate statement of the court opinions and/or dicta referenced therein.

66. Object to and deny the embedded assertion that the NYPD's response to the May 30, 2020 protests were violent, and state that the remaining allegations set forth in paragraph "66" of the First Amended Complaint are too vague to provide an informed response.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the First Amended Complaint, including footnote 7, except admit, upon information and belief, that a demonstration was held on July 11, 2020 in Brooklyn.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the First Amended Complaint, including footnote 8, except admit, upon information and belief, that a demonstration was held on July 13, 2020 in Brooklyn.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the First Amended Complaint, including footnote 9, except admit, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Brooklyn in October 2020.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the First Amended Complaint, including footnote 10, except admit, upon information and belief, that a demonstration was held on October 25, 2020.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the First Amended Complaint, including footnote 11.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the First Amended Complaint, including footnotes 12 and 13.

73.     Deny the allegations set forth in paragraph "73" of the First Amended Complaint and all its subsections and footnotes.

74.     Deny the allegations set forth in paragraph "74" of the First Amended Complaint.

75.     Deny the allegations set forth in paragraph "75" of the First Amended Complaint.

76.     Deny the allegations set forth in paragraph "76" of the First Amended Complaint.

77.     Deny the allegations set forth in paragraph "77" of the First Amended Complaint.

78.     Deny the allegations set forth in paragraph "78" of the First Amended Complaint.

79.     Deny the allegations set forth in paragraph "79" of the First Amended Complaint.

80.     Deny the allegations set forth in paragraph "80" of the First Amended Complaint, including footnote 18.

81.     Deny the allegations set forth in paragraph "81" of the First Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the First Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the First Amended Complaint.

84.     State that the allegations set forth in paragraph "84" of the First Amended Complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent an answer is required, deny the allegations set forth therein, including its 10 subparts.

85.     Deny the allegations set forth in paragraph "85" of the First Amended Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the First Amended Complaint.

87.     Deny the allegations set forth in paragraph "87" of the First Amended Complaint, except admit only that SRG has a unit in each borough.

88.     Deny the allegations set forth in the second paragraph "87" of the First Amended Complaint, including footnote 20, and respectfully refer the Court to the cited article for a full and accurate recitation of the cited quote.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the First Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the First Amended Complaint, including footnote 21.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability."  *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at \*5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

91.     Deny the allegations set forth in paragraph "90" of the First Amended Complaint, except admit only that all members of the NYPD are required to attend training each year.

92.     Deny the allegations set forth in paragraph "91" of the First Amended Complaint.

93.     Deny the allegations set forth in paragraph "92" of the First Amended Complain

94.     Deny the allegations set forth in paragraph "93" of the First Amended Complaint, including footnote 22, and respectfully refer the Court to the cited article for its content and context.

95.     Deny the allegations set forth in paragraph "94" of the First Amended Complaint. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

96.     Deny the allegations set forth in paragraph "95" of the First Amended Complaint.

97.     Deny the allegations set forth in paragraph "96" of the First Amended Complaint, including footnote 23, and respectfully refer the Court to the cited article for its content and context.

98.     Deny the allegations set forth in paragraph "97" of the First Amended Complaint.

99.     Deny the allegations set forth in paragraph "98" of the First Amended Complaint.

100.     Deny the allegations set forth in paragraph "99" of the First Amended Complaint.

101.     Deny the allegations set forth in paragraph "100" of the First Amended Complaint.

102.     Deny the allegations set forth in paragraph "101" of the First Amended Complaint.

103.     Deny the allegations set forth in paragraph "102" of the First Amended Complaint and refer the Court to the deposition for a full and accurate recitation of its contents.

104.     Deny the allegations set forth in paragraph "103" of the First Amended Complaint.

105.     Plaintiff has failed to provide a citation to the purported testimony of a purported, unidentified 30(b)(6) unidentified witness in an unspecified case and, as such, defendants cannot respond to the allegations set forth in paragraph "104" of the First Amended Complaint.  To the extent a response is required, defendants deny the allegations therein.Deny the allegations set forth in paragraph "105" of the First Amended Complaint, including footnote 24, and respectfully refer the Court to the cited article for its content and context.

106.     Deny the allegations set forth in paragraph "106" of the First Amended Complaint.

107.     Deny the allegations set forth in paragraph "107" of the First Amended Complaint.

108.     Deny the allegations set forth in paragraph "108" of the First Amended Complaint.

109.     Deny the allegations set forth in paragraph "109" of the First Amended Complaint.

110.     Deny the allegations set forth in paragraph "110" of the First Amended Complaint.

111.     Deny the allegations set forth in paragraph "111" of the First Amended Complaint.

112.     Deny knowledge or information sufficient to form a belief about the allegations set forth in paragraph "112" of the First Amended Complaint.

113.     Deny knowledge or information sufficient to form a belief about the allegations set forth in paragraph "113" of the First Amended Complaint.

114.     Deny the allegations set forth in paragraph "114" of the First Amended Complaint.

115.     Deny the allegations set forth in paragraph "115" of the First Amended Complaint.

116.     Deny the allegations set forth in paragraph "116" of the First Amended Complaint.

117.     Deny the allegations set forth in paragraph "117" of the First Amended Complaint and respectfully refer the Court to the cited case for a complete and accurate recitation of its contents.

118.     Deny the allegations set forth in paragraph "118" of the First Amended Complaint and respectfully refer the Court to the cited case for a complete and accurate recitation of its contents.

119.     Deny the allegations set forth in paragraph "119" of the First Amended Complaint and respectfully refer the Court to the cited case for a complete and accurate recitation of its contents.

120.     Deny the allegations set forth in paragraph "120" of the First Amended Complaint.

121.     Deny the allegations set forth in paragraph "121" of the First Amended Complaint, including footnote 25, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

122.     Deny the allegations set forth in paragraph "122" of the First Amended Complaint.

123.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "123" of the First Amended Complaint.

124.     Deny the allegations set forth in paragraph "124" of the First Amended Complaint.

125.     Deny the allegations set forth in paragraph "125" of the First Amended Complaint.

126.     Deny the allegations set forth in paragraph "126" of the First Amended Complaint and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

127.     Deny the allegations set forth in paragraph "127" of the First Amended Complaint.

128.     Deny the allegations set forth in paragraph "128" of the First Amended Complaint.

129.     Deny the allegations set forth in paragraph "129" of the First Amended Complaint.

130.     Deny the allegations set forth in paragraph "130" of the First Amended Complaint, including footnote 26, and respectfully refer the Court to the cited letter for a complete and accurate recitation of its contents.

131.     Deny the allegations set forth in paragraph "131" of the First Amended Complaint.

132.     Deny the allegations set forth in paragraph "132" of the First Amended Complaint.

133.     Deny the allegations set forth in paragraph "133" of the First Amended Complaint.

134.     Deny the allegations set forth in paragraph "134" of the First Amended Complaint.

135.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "135" of the First Amended Complaint.

136.     Deny the allegations set forth in paragraph "136" of the First Amended Complaint.

137.     Deny the allegations set forth in paragraph "137" of the First Amended Complaint.

138.     Deny the allegations set forth in paragraph "138" of the First Amended Complaint.

139.     Deny the allegations set forth in paragraph "139" of the First Amended Complaint.

140.     Deny the allegations set forth in paragraph "140" of the First Amended Complaint and respectfully refer the Court to New York Criminal Procedure Law § 150.20 for a complete and accurate recitation of its contents.

141.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "141" of the First Amended Complaint, except admit that plaintiffs were placed in flex cuffs.

142.     Deny the allegations set forth in paragraph "142" of the First Amended Complaint.

143.     Deny the allegations set forth in paragraph "143" of the First Amended Complaint.

144.     Deny the allegations set forth in paragraph "144" of the First Amended Complaint.

145.     Deny the allegations set forth in paragraph "145" of the First Amended Complaint.

146.     Deny the allegations set forth in paragraph "146" of the First Amended Complaint.

147.     Deny the allegations set forth in paragraph "147" of the First Amended Complaint, except admit the State and City advised people as set forth in paragraph "147."

148.     Deny the allegations set forth in paragraph "148" of the First Amended Complaint.

149.     Deny the allegations set forth in paragraph "149" of the First Amended Complaint.

150.     Deny the allegations set forth in paragraph "150" of the First Amended Complaint.

151.     Deny the allegations set forth in paragraph "151" of the First Amended Complaint.

152.     Deny the allegations set forth in paragraph "152" of the First Amended Complaint.

153.     Deny the allegations set forth in paragraph "153" of the First Amended Complaint.

154.     Deny the allegations set forth in paragraph "154" of the First Amended Complaint.

155.     Deny the allegations set forth in paragraph "155" of the First Amended Complaint.

156.     Deny the allegations set forth in paragraph "156" of the First Amended Complaint.

157.     Deny the allegations set forth in paragraph "157" of the First Amended Complaint.

158.      Deny the allegations set forth in paragraph "158" of the First Amended Complaint, including footnote 27, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

159.      Deny the allegations set forth in paragraph "159" of the First Amended Complaint and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

160.      Deny the allegations set forth in paragraph "160" of the First Amended Complaint and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

161.      Deny the allegations set forth in paragraph "161" of the First Amended Complaint, including footnote 28, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

162.      Deny the allegations set forth in paragraph "162" of the First Amended Complaint, including footnote 29, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

163.      Deny the allegations set forth in paragraph "163" of the First Amended Complaint, including footnote 30, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

164.      Deny the allegations set forth in paragraph "164" of the First Amended Complaint and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

165.      Deny the allegations set forth in paragraph "165" of the First Amended Complaint and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

166.      Deny the allegations set forth in paragraph "166" of the First Amended Complaint and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

167.     Deny the allegations set forth in paragraph "167" of the First Amended Complaint, including footnote 31, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

168.     Deny the allegations set forth in paragraph "168" of the First Amended Complaint, including footnote 32, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

169.     Deny the allegations set forth in paragraph "169" of the First Amended Complaint, including footnote 33, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

170.     Deny the allegations set forth in paragraph "130" of the First Amended Complaint, including footnote 34, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

171.     Deny the allegations set forth in paragraph "171" of the First Amended Complaint.

172.     In response to paragraph "172" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

173.     Deny the allegations set forth in paragraph "173" of the First Amended Complaint.

174.     Deny the allegations set forth in paragraph "174" of the First Amended Complaint.

175.     Deny the allegations set forth in paragraph "175" of the First Amended Complaint.

176.     Deny the allegations set forth in paragraph "176" of the First Amended Complaint.

177.     Deny the allegations set forth in paragraph "177" of the First Amended Complaint.

178.     Deny the allegations set forth in paragraph "178" of the First Amended Complaint.

179.     In response to paragraph "179" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

180.     Deny the allegations set forth in paragraph "180" of the First Amended Complaint.

181.     Deny the allegations set forth in paragraph "181" of the First Amended Complaint.

182.     Deny the allegations set forth in paragraph "182" of the First Amended Complaint.

183.     In response to paragraph "183" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

184.     Deny the allegations set forth in paragraph "184" of the First Amended Complaint.

185.     Deny the allegations set forth in paragraph "185" of the First Amended Complaint.

186.     Deny the allegations set forth in paragraph "186" of the First Amended Complaint.

187.     Deny the allegations set forth in paragraph "187" of the First Amended Complaint.

188.     Deny the allegations set forth in paragraph "188" of the First Amended Complaint.

189.     Deny the allegations set forth in paragraph "189" of the First Amended Complaint.

190.     Deny the allegations set forth in paragraph "190" of the First Amended Complaint.

191.     Deny the allegations set forth in paragraph "191" of the First Amended Complaint, including all of its subparts.

192.     Deny the allegations set forth in paragraph "192" of the First Amended Complaint.

193.     Deny the allegations set forth in paragraph "193" of the First Amended Complaint.

194.     In response to paragraph "194" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

195.     Deny the allegations set forth in paragraph "195" of the First Amended Complaint.

196.     Deny the allegations set forth in paragraph "196" of the First Amended Complaint.

197.     Deny the allegations set forth in paragraph "197" of the First Amended Complaint.

198.     Deny the allegations set forth in paragraph "198" of the First Amended Complaint.

199.     In response to paragraph "199" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

200.     Deny the allegations set forth in paragraph "200" of the First Amended Complaint and respectfully refer the Court to New York Criminal Procedure Law § 150.20 for a complete and accurate recitation of its contents.

201.     Deny the allegations set forth in paragraph "201" of the First Amended Complaint.

202.     Deny the allegations set forth in paragraph "202" of the First Amended Complaint.

203.     Deny the allegations set forth in paragraph "203" of the First Amended Complaint.

204.     Deny the allegations set forth in paragraph "204" of the First Amended Complaint.

205.     In response to paragraph "205" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

206.     Deny the allegations set forth in paragraph "206" of the First Amended Complaint.

207.     Deny the allegations set forth in paragraph "207" of the First Amended Complaint.

208.     Deny the allegations set forth in paragraph "208" of the First Amended Complaint.

209.     In response to paragraph "209" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

210.     Deny the allegations set forth in paragraph "210" of the First Amended Complaint.

211.     Deny the allegations set forth in paragraph "211" of the First Amended Complaint.

212.     Deny the allegations set forth in paragraph "212" of the First Amended Complaint.

213.     Deny the allegations set forth in paragraph "213" of the First Amended Complaint.

214.     Deny the allegations set forth in paragraph "214" of the First Amended Complaint.

215.     Deny the allegations set forth in paragraph "215" of the First Amended Complaint.

216.     Deny the allegations set forth in paragraph "216" of the First Amended Complaint.

217.     In response to paragraph "217" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

218.     Deny the allegations set forth in paragraph "218" of the First Amended Complaint.

219.     Deny the allegations set forth in paragraph "219" of the First Amended Complaint.

220.     Deny the allegations set forth in paragraph "220" of the First Amended Complaint.

221.     Deny the allegations set forth in paragraph "221" of the First Amended Complaint.

222.     In response to paragraph "222" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

223.     Deny the allegations set forth in paragraph "223" of the First Amended Complaint.

224.     Deny the allegations set forth in paragraph "224" of the First Amended Complaint.

225.     Deny the allegations set forth in paragraph "225" of the First Amended Complaint.

226.     Deny the allegations set forth in paragraph "226" of the First Amended Complaint.

227.     Deny the allegations set forth in paragraph "227" of the First Amended Complaint.

228.     Deny the allegations set forth in paragraph "228" of the First Amended Complaint.

229.     Deny the allegations set forth in paragraph "229" of the First Amended Complaint.

230.     Deny the allegations set forth in paragraph "230" of the First Amended Complaint.

231.     Deny the allegations set forth in paragraph "231" of the First Amended Complaint.

232.     Deny the allegations set forth in paragraph "232" of the First Amended Complaint.

233.     Deny the allegations set forth in paragraph "233" of the First Amended Complaint.

234.     Deny the allegations set forth in paragraph "234" of the First Amended Complaint.

235.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "235" of the First Amended Complaint.

236.     Deny the allegations set forth in paragraph "236" of the First Amended Complaint.

237.    Deny the allegations set forth in paragraph "237" of the First Amended Complaint.

238.    Deny the allegations set forth in paragraph "238" of the First Amended Complaint.

239.    Deny the allegations set forth in paragraph "239" of the First Amended Complaint.

### AS FOR A FIRST AFFIRMATIVE DEFENSE:

240.    The First Amended Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND AFFIRMATIVE DEFENSE:

241.    Defendants Police Officer Jason Lopez, Police Officer Orvin Feliciano, Police Officer Ivan Lugo, Police Officer Frank Green, Sergeant Joseph Spalding, Lieutenant David Vasquez, Captain Hector Barias, and Police Officer Sylwia Nowacki have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

### AS FOR A THIRD AFFIRMATIVE DEFENSE:

242.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE:

243.    There was probable cause for plaintiffs' arrests, detentions, and prosecutions.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE:

244.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and was not he proximate result of any act of defendants Police Officer Jason Lopez, Police Officer Orvin Feliciano, Police Officer Ivan Lugo, Police Officer Frank Green, Sergeant Joseph Spalding, Lieutenant David Vasquez, Captain Hector Barias, and Police Officer Sylwia Nowacki.

## **AS FOR A SIXTH AFFIRMATIVE DEFENSE:**

245.      Defendants Police Officer Jason Lopez, Police Officer Orvin Feliciano, Police Officer Ivan

Lugo, Police Officer Frank Green, Sergeant Joseph Spalding, Lieutenant David Vasquez, Captain

Hector Barias, and Police Officer Sylwia Nowacki have not violated any clearly established

constitutional right of which a reasonable person would have known, and, therefore, are protected

by qualified immunity.

**WHEREFORE,** Defendants request judgement dismissing the First Amended Complaint

in its entirety, together with the costs and disbursements of this action, and such other and further

relief as the Court may deem just and proper.

Dated: New York, New York
      August 28, 2023

**HON. SYLVIA O. HINDS-RADIX**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for defendants Lopez, Feliciano, Lugo,*
*Green, Spalding, Vasquez, Barias, Nowacki.*
100 Church Street
New York, New York 10007

Respectfully submitted,

By:   /s/ *Michael Pesin-Virovets*
       Michael Pesin-Virovets
       *Senior Counsel*

cc:     **By ECF:**

Elena Louisa Cohen
*Attorney for plaintiffs*
Cohen Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Remy Green
*Attorney for plaintiffs*
Cohen Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Gideon Orion Oliver
*Attorney for plaintiffs*
277 Broadway, Suite 1501
New York, NY 10007

Jessica S. Massimi
*Attorney for plaintiffs*
99 Wall Street, Suite 1264
New York, NY 10005